WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Michael Meyer,<br><br>    Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>    Respondents. | No. CV-19-08112-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge to whom this case was assigned has issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 19). Petitioner has filed objections to the R&R ("objections"). (Doc. 20). Respondents have replied to the objections. (Doc. 22). Thereafter, Petitioner filed a further reply which is not authorized by the rules. (Doc. 23).

**I.    Legal Standard**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following Reyna-Tapia, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not

otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Petitioner's objections largely just repeat his original claim from the Petition (without a specific objection to the facts, law or conclusions of the R&R). Thus, the Court will review the claims themselves or the objections de novo as appropriate.

## II.     Factual Background

The R&R recounted the factual and procedural background of this case. (Doc. 19 at 1-4). Neither party objected to this summary and the Court hereby accepts and adopts it. In very short summary, Petitioner was convicted by a jury of 23 counts of sexual exploitation of a minor and was sentenced to a 230-year term of imprisonment. (*Id.*).

## III.    Claims in the Petition

Petitioner raises eight claims for relief before this Court. The R&R correctly

summarized the claims as follows,

> In <u>Ground One</u>, Petitioner alleges that his due process and equal protection rights were violated when the State was allowed to present expert testimony by a witness who was not trained to opine on the subject matter for which he presented. Petitioner argues that the State did not present an expert "specifically trained in identifying or evaluating whether or not images found on a computer would or would not be depictions of underage children." In <u>Ground Two</u>, Petitioner alleges that his due process and equal protection rights were violated when the jury was not instructed that it had to determine that the victims were, in fact, actual children as opposed to computer generated images. In <u>Ground Three</u>, Petitioner alleges that his due process and equal protection rights were violated when he was charged, convicted, and sentenced for 23 different counts when they should have been treated as a single offense. In <u>Ground Four</u>, Petitioner alleges that his Eighth and Fourteenth Amendment rights were violated when his sentences were run consecutive to each other. In <u>Ground Five</u>, Petitioner alleges ineffective assistance of counsel because counsel was suffering from cancer and undergoing chemotherapy treatment before and during Petitioner's trial. Petitioner states that counsel's medical condition caused his failure to "interview witnesses who had access to the computers in question" and "would have aided Petitioner to refute the allegations in their entirety." Petitioner also states that counsel failed to challenge the voluntariness of his interview statements based upon his mental condition. In <u>Ground Six</u>, Petitioner alleges that counsel was ineffective for failing to inform him of the risks of not accepting the plea agreement. In <u>Ground Seven</u>, Petitioner alleges ineffective assistance of counsel for not adequately investigating the terms of Petitioner's plea agreement in his previous Child Abuse case that allegedly precluded the State from prosecuting him for the child pornography offense. Petitioner also states that the trial court's refusal to remove counsel, based upon an alleged conflict of interest, subjected Petitioner to ineffective assistance. In <u>Ground Eight</u>, Petitioner alleges that his Rule 32 counsel was ineffective in his first PCR proceeding for failing to find any meritorious claims to allege. (Docs. 7, 1.)
>
> In their Answer, Respondents argue that Grounds One through Eight fail on the merits, and a subpart of Ground Seven is procedurally defaulted without an excuse for the default.

(Doc. 19 at 4-5) (emphasis added).

**A.  Ground One**

As indicated above, Petitioner's Ground One turns on his argument that the State's expert was not qualified to give an opinion on whether the images found on Petitioner's computer were underage children. Petitioner presented this claim to the state appellate court, and the R&R quotes the opinion of the appellate court on this issue. (Doc. 19 at 12-18). The R&R concluded that the state court's decision was not contrary to or an unreasonable application of clearly established federal law. (Doc. 19 at 18).

In his objections, Petition reargues his theory that the expert was not qualified, but

fails to address the state court's decision, or explain how it was contrary to or an unreasonable application of clearly established federal law. (Doc. 20 at 4-6). Nor did Petitioner address the fact that the jurors saw the images and could determine for themselves the ages of the children (specifically, the children were so young determining they were minors would be within a juror's ordinary understanding). (Doc. 20 at 17; Doc. 22 at 2); (Doc. 19 at 17-18 (collecting cases that hold no expert testimony is required when the children are sufficiently young)).

The Court agrees with the R&R that the state court's decision was not contrary to or an unreasonable application of clearly established federal law nor an unreasonable determination of the facts. Petitioner's objections do not impact this conclusion and are overruled.

### B. Ground Two

As stated above, Petitioner's second claim turns on his argument the jury instructions did not require the State to prove that the images were of actual children. Petitioner presented this claim to the state court of appeals and the R&R quotes the relevant portion of the court's decision. (Doc. 19 at 18-21). The R&R concludes that the state court's decision was not contrary to or an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts. (Doc. 19 at 21). Specifically, both the state court of appeals and the R&R concluded that the jury instruction given in Petitioner's case adequately required the jury to find that the images were of actual children. (Doc. 19 at 18-21).

In his objections, Petitioner reargues that the law requires the images to be of actual children. (Doc. 20 at 6-8). However, Petitioner makes no argument why the particular jury instructions in his case were inadequate. (*Id.*).

The Court agrees with the R&R that the state court's decision was not contrary to or an unreasonable application of clearly established federal law nor an unreasonable determination of the facts. Petitioner's objections do not impact this conclusion and are overruled.

### C. Ground Three

As indicated above, ground three is based on Petitioner's argument that he could not be charged with 23 separate counts of child pornography because he believes that since he did a single download, it should be a single crime. (Doc. 20 at 8-9). In his Petition, Petitioner stated this violated his due process and equal protection rights and the double jeopardy clause. (Doc. 1 at 8). Although Petitioner mentions three constitutional provisions, his only argument is under the double jeopardy clause. (*Id.*).

Petitioner presented this claim to the state court. (Doc. 19 at 22). This Court agrees with the R&R that the state court's decision was not contrary to or an unreasonable application of clearly established federal law nor an unreasonable determination of the facts. (*Id.* at 22-24). Petitioner's objections reiterating his mistaken belief that a single download of images is a single crime regardless of how many images are in the download, does not change this Court's conclusion regarding the state court's decision which rejected this claim. Thus, the objections are overruled.

### D. Ground Four

In ground four Petitioner argues that his 230-year sentence (10 years for each of his 23 counts, running consecutively) violates the Eighth Amendment's protection against cruel and unusual punishment; specifically, he claims that his sentence is not proportional to his crimes. (Doc. 20 at 9). Petitioner presented this argument to the state court, and the state court rejected it. (Doc. 19 at 24). The R&R concluded that the state court's decision was not contrary to nor an unreasonable application of clearly established federal law nor an unreasonable determination of the facts. (Doc. 19 at 24-26).

In his objections, Petitioner reiterates his conclusion that the sentence is disproportional to his crimes. (Doc. 20 at 9). The Court agrees with the R&R that the state court's decision (applying *Berger*) was not contrary to nor an unreasonable application of clearly established federal law nor an unreasonable determination of the facts. (Doc. 19 at 24-26). The objection is overruled.

### E. Ground Five

Preliminarily, the Court notes that grounds five through eight allege various theories of ineffective assistance of counsel. The R&R recounts the law governing ineffective assistance of counsel claims; and neither party has objected to this summary of the governing law. (Doc. 19 at 26-27). Accordingly, the Court hereby accepts this portion of the R&R.

In ground five, Petitioner alleges three factual predicates underlying his ineffective assistance of counsel claim at it relates to his counsel's alleged cancer treatments. (Doc. 19 at 30). First, Petitioner argues generally that counsel's alleged cancer and cancer treatments caused him to be ineffective; in other words, being treated for cancer would make any counsel ineffective by the nature of the treatment. (*Id.*). Second, Petitioner argues that due to counsel's on-going treatments, counsel failed to challenge the admissibility of Petitioner's confession. (*Id.*). Third, Petitioner argues that counsel's cancer treatments caused counsel to not interview certain witnesses. (*Id.*).

First, as to Petitioner's general argument that having cancer and cancer treatments per se made counsel ineffective, the Court agrees with the R&R that this argument does not show ineffective assistance of counsel. (Doc. 19 at 30 "Petitioner's mere generalizations, without more, are clearly insufficient."). In his objections, Petitioner asserts, "Chemotherapy by its very nature changes the biology of a person, specifically, brain chemistry [] counsel did not render effective assistance…." (Doc. 20 at 11). There is no evidence in this record for this assertion. Moreover, in his objections, Petitioner has in no way shown counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Second, as the R&R recounts, Petitioner argues: "counsel was ineffective for failing to file a motion to suppress his confession due to Petitioner's mental condition – Ménière's disease." (Doc. 19 at 32). The R&R concludes that counsel was not ineffective because this argument would have been futile, and counsel is not ineffective for failing to advance futile arguments. (*Id*). Petitioner objects and argues that the trial court, which viewed his

- 6 -

videotape confession and found Petitioner to be lucid, "pre-supposes the Court had the Petitioner evaluated be mental health professionals." (Doc. 20 at 12). Nothing in the record or the case law supports Petitioner's objection in this regard.

Petitioner also objects that the trial court, rather than the jury, determined his confession was voluntary. (*Id*. at 13). However, while the trial court makes a preliminary determination of the voluntariness of a confession in Arizona, once the confession is admitted, the jury is instructed that they must disregard an involuntary confession. Ariz. Rev. Stat. § 13-3988. In Petitioner's trial, the jury was instructed, "You must not consider any statements made by the defendant to a law enforcement officer unless you determine beyond a reasonable doubt that the defendant made the statements voluntarily. A defendant's statement was not voluntary if it resulted from the defendant's will being overcome by a law enforcement officer's use of any sort of violence or coercion, or threats or by any direct or implied promise, however slight." (Doc. 14-1 at 63). Accordingly, the jury did in fact find Petitioner's confession to be voluntary and this objection is overruled.

Third, Petitioner argues his counsel was ineffective for not interviewing witnesses who Petitioner claims had access to his computer. Petitioner exhausted this claim in the state court in his post-conviction relief Petition. The state court post-conviction relief judge, who was also the trial judge, found, in additional to the other overwhelming evidence of Petitioner's guilt, "[i]f the defendant presented additional witnesses to confirm other people had access to his computer, the Court would find that such additional witnesses would not have overcome the strength of the defendant's videotaped confession, confessing he downloaded child pornography." (Doc. 19 at 32). In his objections, Petitioner alleges that 8 witnesses could have been interviewed, and Petitioner claims that such witnesses would have stated that they had access to his computer. (Doc. 20 at 12). This Court agrees with the R&R that any such testimony is speculative. (Doc. 19 at 31). Further, the Court finds that t
he state court's decision was not contrary to nor an unreasonable application of clearly established federal law. In other words, counsel was not ineffective because even if such

evidence exists, counsel's failure to offer it did not prejudice Petitioner.

### F. Ground Six

In ground six Petitioner argues his counsel was ineffective for not explaining to Petitioner the risks of not taking the offered plea agreement. Petitioner exhausted this claim in state court in his post-conviction relief petition. (Doc. 19 at 33). The R&R recounts extensively all the locations in the state court record where Petitioner was advised of the offered plea agreement, and the sentence he was facing after trial. (Doc. 19 at 33-37).

In his objections, Petitioner does not argue that any of this recounting of the law or the facts in the R&R is incorrect. Instead, Petitioner argues that he believed that his plea agreement in a prior case barred prosecution of Petitioner in any future cases and that counsel should have made this legal argument. (Doc. 20 at 15) (Petitioner appears to be conflating his ground six and ground seven into a single objection).

With respect to ground six, this Court agrees with the R&R that the state court's decision that Petitioner's counsel adequately advised him of the plea agreement, was not contrary to nor an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Accordingly, relief on this claim is denied.

### G. Ground Seven

Ground seven has both an exhausted and unexhausted claim. Petitioner's claim that his counsel failed to investigate whether his prior plea agreement barred future prosecution is exhausted. (Doc. 19 at 37-39). Petitioner's claim that his trial counsel had a conflict of interest is unexhausted. (Doc. 19 at 10-12).

#### 1. Prior Plea Agreement

Petitioner claims his prior plea agreement precluded prosecution for the images that underlie the conviction in this case. The prior plea actually says the opposite:

> The following charges will be dismissed, or if not filed, will not be brought against the defendant: COUNTS 2-3: CHILD ABUSE BY DOMESTIC VIOLENCE, CLASS 4 FELONIES; COUNT 1: CHILD ABUSE BY DOMESTIC VIOLENCE, CLASS 4 FELONY, REDUCED AS ABOVE; THIS PLEA AGREEMENT DOES NOT RESOLVE ALL POSSIBLE CHARGES STEMMING FROM KINGMAN POLICE DEPARTMENT DR NO. 2010-010894. HOWEVER, IF THE STATE FILES FURTHER CHARGES, THE STATE WILL NOT USE THIS CASE

AS A PRIOR CONVICTION.

(Doc. 19 at 38) (emphasis omitted).

In his objections, Petitioner appears to be arguing he would not have taken the plea agreement in the prior prosecution had he understood he could still be prosecuted for this case. (Doc. 20 at 15). The conviction in the prior case is governed by a plea agreement that is not before this Court in this case; additionally, that plea did not impact the sentence in this case. Because this objection has no bearing on this case, it is overruled. Thus, the Court agrees with the R&R that the state court's decision that the prior plea agreement did not preclude prosecution in this case, and thus counsel was not ineffective for not making this argument, was not contrary to nor an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. (*See* Doc. 19 at 39). Accordingly, relief on this claim is denied.

### 2. Conflict of Interest

In his post-conviction relief petition in state court, Petitioner argued that his counsel had a conflict of interest. (Doc. 19 at 10). The post-conviction relief court found that this claim was not properly presented on post-conviction relief because Petitioner could have raised the claim on direct appeal, but did not, therefore it was precluded. (*Id.*) The R&R determined that Arizona Rule of Criminal Procedure 32.2(a) constitutes an adequate and independent state ground for denying relief. (*Id.* at 10-11). The R&R further concluded that Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice to overcome this procedural default. (*Id.* at 11-12). Additionally, the R&R concludes that the *Martinez* exception to exhaustion does not apply in this case. (*Id.* at 11).

In his objections, Petitioner repeatedly makes a conclusory assertion that he exhausted and presented and pursued all his claims. (Doc. 20 at 2-4). However, Petitioner makes no particular argument as to how the R&R's analysis, concluding that this sub-part of ground seven was neither exhausted nor excused from exhaustion, is incorrect. The Court overrules this generalized objection. The Court finds the conflict of interest sub-part of ground seven is unexhausted without excuse and, accordingly, denies relief on this

claim.

### H. Ground Eight

In ground eight, Petitioner alleges that his first post-conviction relief counsel was ineffective for not raising meritorious claims. (Doc. 19 at 39). Petitioner exhausted this claim in his second post-conviction relief petition. (*Id.*). The second post-conviction relief judge found first post-conviction relief counsel was not ineffective. (*Id.*).

The R&R recounts that legally, there is no right to post-conviction relief counsel; thus, whether such counsel was ineffective does not state a claim that is cognizable on habeas. (*Id.* at 39-40). In his objections, Petitioner states the following conclusion: "Where the legislature creates a rule or law that provides for counsel in post-conviction relief is [sic] governed, the 6th amendment attached." (Doc. 20 at 15). Petitioner cites nothing for this conclusion, and the Court finds the law in the R&R is correct. Accordingly, this objection is overruled and relief on this claim is denied. Moreover, even if the law were otherwise, this Court finds that the state court's decision (that first post-conviction relief counsel was not ineffective) was not contrary to nor an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts. Thus, relief is denied for this alternative reason.

## IV. Certificate of Appealability

The R&R recommend that this Court deny a Certificate of Appealability on all grounds except ground four. Petitioner does not object to this recommendation. (Doc. 20). The state also did not object to this recommendation. (Doc. 22). The Court, having reviewed these claims de novo, accepts the recommendation that a certificate of appealability be denied on grounds 1-3 and 5-8.

### A. Petitioner's Argument

As indicated above, the R&R recommends that this Court grant a certificate of appealability as to ground four. This Court has reviewed ground four de novo due to Petitioner's objection to the R&R. Accordingly, the Court will make an independent determination of whether a certificate of appealability is warranted in this case. The R&R

does not state why it recommends a certificate of appealability be granted on ground four. (Doc. 19 at 26 n.6).

> The totality of Petitioner's ground four as stated in his Petition is as follows:
>
> GROUND FOUR: Violation of the U.S. Constitutional Amendments 8 cruel and unusual punishment and the 14th as to equal protection and due process and protection of the law made applicable to the state by the Arizona Constitution.
> Supporting FACTS…: Petitioner after his conviction was scheduled by the trial court for sentencing proceedings. At the sentencing proceeding, the court imposed a term of 10 years for each of the 23 counts of dangerous crimes against children (DCAC). In the process of pronouncing each term, the Court did in addition state that each term would be consecutive to one another resulting in a cumulative prison sentence of 230 years. This term of incarceration was the result of Petitioner's possession of a group of digital images that has been downloaded and possessed, or created at the same time.

(Doc. 1 at 9).

This recounting of Petitioner's claim makes it difficult to determine the exact factual predicate of Petitioner's cruel and unusual punishment claim. It is possible to interpret the claim as arguing that a 10-year sentence for a single image is the claimed Eighth Amendment violation. It is possible to interpret the claim as arguing consecutive sentences that, when aggregated, result in a 230-year sentence is the claimed Eighth Amendment violation. Finally, it is possible to interpret the claim as arguing that consecutive sentences for what Petitioner interprets as a single act (namely a single download of multiple images) is the claimed Eighth Amendment violation.

The R&R concludes that a ten-year sentence for each count of possession of child pornography is not grossly disproportionate. (Doc. 19 at 26). Thus, the R&R appears to have addressed both ten-year sentence for any one count, and the 230-year cumulative sentence for all 23 counts, and found both to be have "no inference of gross disproportionality." (Doc. 19 at 26). The R&R then concluded that based on these findings, the state court's decision on proportionality was not contrary to or an unreasonable application of clearly established federal law nor an unreasonable determination of the facts. (*Id.*).

In his objections, the totality of Petitioner's argument is:

> The Court has not fully grasped the full extent of the 8th and 14th

> Amendment violations which Petitioner was actively, prejudicially, and erroneously subjected to. 23 Counts run consecutively against this Petitioner is disproportionate on its face and substance. 230 years is a grossly disproportionate term to the crimes charged. [citations omitted]. A.R.S. §§ 13-3553 and 13-205 have subjected Petitioner to both 8th and 14th Amendment violations pursuant to the U.S. Constitution. There is contrary to the inference of gross disproportionality which would and does require inter-jurisdictional analysis and is based on clear [remainder of sentence/paragraph omitted from filing sent to the Court].

(Doc. 20 at 9).

### B.      Law on Proportionality

"The Eighth Amendment generally requires a punishment to be proportionate to the crime." *Reece v. Williams*, No. 220CV00960JADVCF, 2020 WL 3172994, at *3 (D. Nev. June 15, 2020) (citing *Solem v. Helm*, 463 U.S. 277, 285-86 (1983)). The Ninth Circuit Court of Appeals summarized the showing required for such a claim as follows:

> Supreme Court precedent has established "gross disproportionality" as the controlling principle in assessing a petitioner's Eighth Amendment claims. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). In non-capital cases, the court must first compare the gravity of the offense with the severity of the sentence to determine whether it is one of the "rare" cases which leads to an inference of gross disproportionality. *See Graham v. Florida*, 560 U.S. 48, 59-60 (2010). If the sentence gives rise to such an inference, the court next compares the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.* at 60. Therefore, in order for [Petitioner] to be entitled to relief, he must demonstrate that it was objectively unreasonable for the Court of Appeal to determine that this is not one of the rare cases which leads to an inference of gross disproportionality. *See id.*

*Mezzles v. Katavich*, 731 F. App'x 639, 642-43 (9th Cir.), *cert. denied*, 139 S. Ct. 325 (2018).

In the context of an individual sentence, the R&R recounted the law as follows:

> "In assessing the compliance of a non-capital sentence with the proportionality principle, [the Court] consider[s] 'objective factors'" such as "the severity of the penalty imposed and the gravity of the offense." *Taylor v. Lewis*, 460 F.3d 1093, 1098 (9th Cir. 2006). If the state has a "reasonable basis" for believing that the law "advance[s] the goals of [its] criminal justice system in any substantial way[,]" the court shall not "sit as a 'superlegislature' [and] second-guess [those] policy choices." *Ewing v. California*, 538 U.S. 10, 28 (2003).

(Doc. 19 at 24).

In the context of consecutive sentences, the court in *Reece* stated:

> The Supreme Court has held, however, that, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." [citing *Solem v. Helm*, 463 U.S. 277, 289-90 (1983) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980))]. "Reviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." [citing *Solem*, 463 U.S. at 289-90].
>
> [A] consecutive ten-years-to-life sentence imposed as a deadly weapon enhancement falls short of implicating Eighth Amendment concerns. [citing *United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir. 2001) (holding that mandatory consecutive sentences imposed by statute do not violate the Eighth Amendment and that, "as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds"); *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) ("Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense. . . .")].

*Reece*, 2020 WL 3172994, at *3 & nn. 24-26.

As an example, the Supreme Court has held that a 25-year-to-life sentence for grand theft is not cruel and unusual punishment:

> Ewing has been convicted of numerous misdemeanor and felony offenses, served nine separate terms of incarceration, and committed most of his crimes while on probation or parole. His prior "strikes" were serious felonies including robbery and three residential burglaries. To be sure, Ewing's sentence is a long one. But it reflects a rational legislative judgment, entitled to deference, that offenders who have committed serious or violent felonies and who continue to commit felonies must be incapacitated. The State of California "was entitled to place upon [Ewing] the onus of one who is simply unable to bring his conduct within the social norms prescribed by the criminal law of the State." *Rummel*, *supra*, at 284. Ewing's is not "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Harmelin*, 501 U.S., at 1005 (KENNEDY, J., concurring in part and concurring in judgment).
>
> We hold that Ewing's sentence of 25 years to life in prison, imposed for the offense of felony grand theft under the three strikes law, is not grossly disproportionate and therefore does not violate the Eighth Amendment's prohibition on cruel and unusual punishments.

*Ewing v. California*, 538 U.S. 11, 30-31 (2003) (alteration in original).

This Court has previously discussed at length whether a proportionality analysis is applicable to consecutive sentences as an "aggregated" sentence. *See Patsalis v. Shinn*, CV 18-8101-PCT-JAT, at 19-24 (D. Ariz. Aug. 19, 2020). This Court concluded that a proportionality analysis applies only to each individual sentence and not the aggregate

- 13 -

sentence as a whole. *Id.* at 24.

As discussed above and to reiterate,

> A challenge to the proportionality of a sentence is analyzed using objective criteria, including: (1) the gravity of the offense and harshness of the penalty; (2) a comparison of sentences imposed on other criminals in the same jurisdiction; and (3) a comparison of sentences imposed for the same crime in other jurisdictions. *Solem* [*v. Helm*], 463 U.S. [277] at 290-92 [(1983)]. Where, however, it cannot be said as a threshold matter that the crime committed and the sentence imposed are grossly disproportionate, it is not appropriate for the court to engage in a comparative analysis of the sentence received by the defendant and the sentences received by other defendants in other cases. *See United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998).

*Vines v. Kane*, No. C 05-5316JSW(PR), 2009 WL 331435, at *9 (N.D. Cal. Feb. 11, 2009).

### C.   Certificate of Appealability Standard

A judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standards for granting a COA are the same for petitions under § 2254 and § 2255. *See United States v. Martin*, 226 F.3d 1042, 1046 n.4 (9th Cir. 2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also id.* (describing the COA determination as deciding whether the issues presented are "adequate to deserve encouragement to proceed further" [*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)]). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court may address either element of the two-pronged COA test to determine the appealability of a district court's procedural ruling in any order if disposing one element resolves the issue. *See id.* at 485 ("[e]ach component of the § 2253(c) showing is part of a

threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments"). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotations omitted).

### D. Analysis

With respect to ground four, this Court concludes that jurists of reason would not find it debatable whether the state court's decision was contrary or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 350 (2003) (Scalia concurring) ("In applying the Court's COA standard to petitioner's case, we must ask whether petitioner has made a substantial showing of a *Batson* violation and also whether reasonable jurists could debate petitioner's ability to obtain habeas relief in light of AEDPA.").

First, Petitioner has offered no law suggesting that an individual 10-year sentence for possession of an image of child pornography is disproportional under *Rummel v. Estelle,* 445 U.S. 263, 274 (1980) and *Ewing v. California*, 538 U.S. 10, 28 (2003). *See* (Doc. 19 at 24-25). Thus, jurists of reason would not find it debatable that Petitioner's 10-year sentence per count was proportional and constitutional.

Second, there is no clearly established federal law regarding whether mandatory consecutive sentences should be viewed in the aggregate for purposes of a proportionality analysis. *See Patsalis v. Shinn*, CV 18-8101-PCT-JAT, at 19-24 (D. Ariz. Aug. 19, 2020).[1] Therefore, the state court's rejection of Petitioner's argument that his 230-year consecutive sentence was not proportional could not be contrary to clearly established federal law. Additionally, unlike petitioner *Patsalis*, Petitioner here does not argue that the state court declined to consider his proportionality analysis such that he should be entitled to de novo review in federal court. Finally, even if this Court were to consider this claim de novo,

---

[1] In *Patsalis*, notwithstanding this Court's conclusions regarding proportionality and AEDPA deference, this Court granted a certificate of appealability because reasonable jurists could disagree about the impact of the Arizona court's failure to apply the *Davis* exception to the *Burger* rule on proportionality under state law. *Patsalis,* CV 18-8101-PCT-JAT, at 34 (D. Ariz. Aug. 19, 2020). No similar argument was preserved in this case.

Petitioner has not attempted to meet the factors of *Solem* such that he could show that his sentence was not proportional.

Third, Petitioner's argument that he should not be sentenced separately for each image he possessed was raised as a double jeopardy argument and therefore will not be considered for a certificate of appealability as a proportionality argument. A certificate of appealability is denied for the reasons stated above as to Petitioner's double jeopardy claim.

Thus, regardless of Petitioner's factual predicate of his proportionality argument, jurists of reason would not find it debatable whether the state court's decision was contrary to clearly established federal law. Alternatively, even under a de novo review Petitioner's aggregate sentence claim, jurists of reason would not debate that Petitioner has failed to develop the record or show any entitlement to relief under *Solem*.

For these reasons, upon de novo review of the record regarding the entirety of Petitioner's proportionality claim, the Court will deny a certificate of appealability.

### V.     Conclusion

Based on the foregoing,

**IT IS ORDERED** that the R&R (Doc. 19) is accepted and adopted except as to the certificate of appealability on the proportionality claim; the objections (Doc. 20) are overruled; the Petition is denied and dismissed with prejudice; a certificate of appealability is denied, and the Clerk of the Court shall enter judgment accordingly.

Dated this 10th day of February, 2021.

James A. Teilborg
Senior United States District Judge